# EXHIBIT A

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

**ROSHANDA GRIFFIN**, )
)
    Plaintiff, ) Cause No. _____
)
v. )
) Jury Trial Demanded
**VINEBROOK HOMES, LLC** )
**SERVE:** )
CT Corporation System )
120 S. Central Ave. )
Clayton, MO 63105 )
)
)
    Defendant. )

## PETITION FOR DAMAGES

COMES NOW Plaintiff and for her Petition for Damages against Defendant states:

### Nature of Action

1. This action is brought pursuant to the Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq., for race discrimination, retaliation, and hostile work environment.

### Parties

2. Plaintiff Roshanda Griffin is an individual who resides in the state of Missouri.

3. Defendant Vinebrook Homes, LLC is a Delaware company registered to do business in Missouri.

4. Defendant Vinebrook Homes has a place of business located at 10331 Janson Dr., St. Louis, MO 63136, in St. Louis County.

5. Plaintiff was employed by Defendant Vinebrook Homes during all times relevant to this lawsuit.

1

6.	At all times relevant to this lawsuit, Defendant Vinebrook Homes was an employer engaged in an industry affecting commerce within the meanings of 42 U.S.C. § 2000e(b) (g), and (h) and 29 U.S.C. § 630(b).

## Venue

7.	Venue is proper in St. Louis County because all of the events complained of herein occurred in the St. Louis County, as the unlawful discriminatory practices occurred in the St. Louis County, Missouri.

## Procedural Prerequisites

8.	On or about June 12, 2023, Plaintiff timely submitted a charge of discrimination against Defendants with the EEOC and Missouri Commission on Human Rights (MCHR), Charge No. 473-2022-01954, where she alleged Defendants unlawfully discriminated against her based on race and retaliation.

9.	On or about March 15, 2024 the EEOC issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of her receipt of the Notice of Right to Sue. (See Plaintiff's Exhibit 1 which is attached hereto and incorporated herein).

## Factual Allegations

10.	Plaintiff is a black female.

11.	Plaintiff was employed by Vinebrook Homes from September 19, 2021 until she was forced to quit on August 26, 2022.

12.	Vinebrook Homes is a real estate company that purchases single family homes, then rents them out.

13.	At the St. Louis location, where Plaintiff worked, there were 11 black employees and 2 white employees.

2

14. The two white employees were treated more favorably than the black employees.

15. Plaintiff was given no training when she began her job.

16. The white employees were given training.

17. Plaintiff asked for training and was denied.

18. Due to the lack of training, Defendant accused Plaintiff of not being able to do her job.

19. Plaintiff was attacked physically by a resident, and Plaintiff was punished for this attack.

20. Other white employees were not punished when they had any incidents with residents.

21. Defendant took no action to make Plaintiff or other black employees feel safe at work.

22. In or about August 21, 2022, Plaintiff told a supervisor that she was going to file a charge with the EEOC alleging race discrimination against Vinebrook.

23. Just 3 days later, Plaintiff as written up for taking PTO without approval.

24. This was false, because Plaintiff had asked for approval for the PTO a month in advance and it was approved.

25. Plaintiff was disciplined for a false reason for opposing racial discrimination and telling her supervisor she was going to exercise her rights under the law by going to the EEOC.

26. Due to the ongoing racial discrimination and retaliation, and fear for her safety, Plaintiff was forced to quit her job on August 26, 2022.

**Count I**
**Violation of Title VII of the Civil Rights Act**
**Race Discrimination**

27. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

28. Plaintiff is a black female and is therefore a member of a protected class.

29. Plaintiff suffered adverse employment action because of her race, including reprimands, an unsafe workplace, and constructive discharge.

30. Plaintiff's race was a motivating factor in Defendant's actions, for the following reasons, including, but not limited to Plaintiff and other black employees were treated less favorably than white employees as described above.

31. Plaintiff was damaged by Defendant's actions.

32. Defendants engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants discriminated against Plaintiff based on race without just cause or excuse in violation of the Title VII of the Civil Rights Act.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any other relief afforded Plaintiff under Title VII of the Civil Rights Act, and all other relief deemed just and equitable.

## Count II
## Violation of the Title VII of the Civil Rights Act
## Retaliation

33. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

34. Plaintiff opposed race discrimination when she complained to her supervisor about the discriminatory treatment she was experiencing and that she was planning to go to the EEOC to file a Charge of Discrimination against Defendant.

35. Plaintiff had a reasonable belief that she was being discriminated against based on her race.

36. Defendant took adverse employment action against Plaintiff for all the reasons stated above, including disciplining her for a false reason, and she was eventually forced to quit her job.

37. Plaintiff's opposition to discrimination was a motivating factor to the adverse action taken against her because other employees who did not complain about race discrimination were not treated as she was.

38. Plaintiff was damaged as a result of Defendant's actions.

39. Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally harassed Plaintiff and denied her benefits of employment without just cause or excuse because Plaintiff was exercising his rights under the federal law, and such termination was in violation of Title VII.

**WHEREFORE**, **WHEREFORE**, Plaintiff prays that judgment be entered against Defendants in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs,

5

attorney's fees and any other relief afforded Plaintiff under Title VII of the Civil Rights Act, and all other relief deemed just and equitable.

### Count III
### Violation of the Title VII of the Civil Rights act
### Hostile Work Environment

40. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

41. Plaintiff, a black female, is a member of a protected group.

42. Plaintiff was subject to unwelcome harassment, as described above, during her employment at Vinebrook Homes.

43. This unwelcome harassment adversely affected Plaintiff's employment because she was left with no training, she was disciplined for false reasons, and she was left in a dangerous situation where she was attacked by residents.

44. Defendant did not try to correct the harassing behavior.

45. Defendant actually reprimanded Plaintiff for complaining about this behavior.

46. Plaintiff was damaged as a result of Defendant's actions.

47. Defendant's conduct of allowing a hostile work environment was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally allowed the hostile work environment to continue, and did not rectify the situation despite having actual knowledge of the situation.

**WHEREFORE**, **WHEREFORE**, Plaintiff prays that judgment be entered against Defendants in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs,

Electronically Filed - ST LOUIS COUNTY - June 12, 2024 - 01:55 PM

attorney's fees and any other relief afforded Plaintiff under Title VII of the Civil Rights Act, and all other relief deemed just and equitable.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By   /s/ Jaclyn Zimmermann
    Jaclyn M. Zimmermann, #57814MO
    jmz@ponderzimmermann.com
    Douglas Ponder, #54968MO
    dbp@ponderzimmermann.com
    20 S. Sarah St.
    St. Louis, MO 63108
    Phone:  314-272-2621
    Fax:  314-272-2713

Attorneys for Plaintiff

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

St. Louis District Office
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/15/2024

**To:** Mrs. Roshanda Griffin
10331 Janson dr.
SAINT LOUIS, MO 63136

Charge No: 473-2022-01954

EEOC Representative and email:     KENNETH WATERS
Investigator
kenneth.waters@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 473-2022-01954.

On behalf of the Commission,

LEATHA JOHNSON
Digitally signed by LEATHA JOHNSON
Date: 2024.03.15 15:22:33 -05'00'

p.p.
David Davis
District Director

**Cc:**
Katherine J Mills
Zashin & Rich
950 MAIN AVE FL 4
Cleveland, OH 44113

Natalie M Stevens
Zashin & Rich
950 MAIN AVE FL 4
Cleveland, OH 44113

James Goetz
Vinebrook Homes
9150 Harrison Park Ct.
Indianapolis, IN 46216

Jaclyn Zimmermann
Ponder Zimmermann
20 South Sarah Street
Saint Louis, MO 63108


Please retain this notice for your records.

Electronically Filed - ST LOUIS COUNTY - June 12, 2024 - 01:55 PM

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 473-2022-01954 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 473-2022-01954 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

Electronically Filed - ST LOUIS COUNTY - June 12, 2024 - 01:55 PM